**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| PSMT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **Case No. 3:19-cv-0118** |
| | ) |
| THE GOVERNMENT OF THE U.S. VIRGIN | ) |
| ISLANDS, THE VIRGIN ISLANDS BUREAU | ) |
| OF INTERNAL REVENUE, and JOEL A. LEE, | ) |
| IN HIS CAPACITY AS DIRECTOR OF | ) |
| INTERNAL REVENUE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Defendants' Motion to Dismiss (Mot.) (ECF No. 50), filed September 30, 2022. Plaintiff, PSMT, LLC (PSMT), filed a response in opposition to the motion. *See* ECF No. 52. While the motion was pending, the Third Circuit Court of Appeals reversed this Court's application of the tax comity doctrine in this and several other tax refund cases joined for purposes of the motions to dismiss for lack of jurisdiction (*see* ECF No. 19) and remanded the cases for further proceedings.[1] *See Apex Constr. Co. v. Virgin Islands*, No. 22-2675, No. 22-2676, No. 22-2678, No. 22-2679, No. 22-2680, 2023 U.S. App. LEXIS 21508 (3d Cir. Aug. 17, 2023). The Court then allowed the parties to file supplemental briefs in light of the Third Circuit's ruling. *See* ECF Nos. 61, 62, and 64. For the reasons stated below, the Court will deny the said motion.

**I. BACKGROUND**

This matter concerns certain taxes levied by Defendants (referred to collectively herein as the "Government") that PSMT alleges are unconstitutional. PSMT seeks refunds of taxes already paid and declaratory relief to bar the collection of said taxes in the future.

---

[1] That matter concerned the plaintiffs in the other consolidated cases appeal of the Court's August 18, 2022, Order (ECF No. 47). PSMT did not file an appeal, having been granted leave to file an amended complaint, which it did. The current motion to dismiss concerns PSMT's First Amended Complaint (ECF No. 49).

Procedurally, the record shows that the undersigned approved and adopted the portion of the Magistrate Judge's recommendation that PSMT's container tax claim be dismissed, but afforded PSMT leave to file an amended complaint. *See* Order and Errata Order (ECF Nos. 47 and 48) entered August 18 and 19, 2022, respectively. PSMT filed its First Amended Complaint ("FAC") (ECF No. 49) on September 9, 2022. The Government then filed the motion to dismiss currently before the Court.

PSMT's First Amended Complaint charges the Government with violating the Commerce Clause, the Tonnage Clause, and the Import-Export Clause of the United States Constitution. FAC at 7-9. PSMT seeks money damages in the form of tax refunds. *Id*. at 7-10. PSMT also requests declaratory and injunctive relief against continuing and/or future constitutional violations. Defendants "move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted." Mot. at 1.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). *See also Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (where the court reiterates the (12(b)(6) standard: "[W]e must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" (quoting *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft*

*PSMT, LLC. v. Gov't of the Virgin Islands, et al.*
Case No. 3:19-cv-0118
Order
Page 3 of 6

*v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

Defendants base their motion to dismiss the FAC upon the Tax Comity Doctrine. Memorandum of in Support of Defendants' Motion to Dismiss (Mem.) (ECF No. 51) at 1.[2] Defendants further contend that the Container Tax does not violate dormant Commerce Clause principles nor does it violate the Import-Export Clause. *Id.* at 2, 5-13. They also claim that PSMT is outside the "zone of interests" of the Tonnage Clause. *Id.* at 2, 13-14. In their supplemental brief, Defendants maintain that

> to the extent Plaintiff's claims are based upon the Commerce Clause (the only basis for federal question jurisdiction), abstention principles apply; and to the extent that Plaintiff brings a computational claim for a refund under 33 V.I.C.

---

[2] The Court notes that this document violates Rule 5.1(a) of the Court's Local Rules of Civil Procedure, which states, regarding all documents filed with the Court, that "[e]ach page shall be numbered consecutively. . . ." The Court advises all parties and counsel that compliance with the Local Rules is expected and enforced by the Court, and the Court may impose sanctions for any violation thereof. LRCi 11.2.

§1692, its claim arises under Virgin Islands law and this court lacks federal question jurisdiction to hear it.

ECF No. 62 at 1.

### A. *Subject Matter Jurisdiction*

Because PSMT attacks the constitutionality of the Container Tax, the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331 over Counts II-VI of the FAC. In addition, as the Third Circuit Court of Appeals affirmed this Court in *Reefco Servs. v. Gov't of the V.I.*, 830 F. App'x 81 (3d Cir. 2020),[3] PSMT is entitled to a refund of improperly assessed excise taxes as claimed in Count I of the FAC.

### B. *Container Tax Claim*

#### 1. Dormant Commerce Clause

Defendants spend a large portion of their memorandum focusing on the Virgin Islands Highway User's Tax. *See* Mem. at 5-9. The FAC specifically references excise taxes, codified at 33 V.I.C. § 42, (*see* FAC at 2, ¶ 7), and container taxes, codified at 33 V.I.C. § 75 (*see* FAC at 5, ¶ 22). Nowhere in the FAC is the highway user's tax, codified at 33 V.I.C. § 72, mentioned. While both sections are contained in Chapter Four of Title 33 of the Virgin Islands Code, titled "Highway User's Tax," each type of tax is assessed separately. Thus, the container tax can be analyzed apart from the highway user's tax. Despite the "Statement of policy," expressed in Section 70, as providing "additional funding for highway construction and maintenance," 33 V.I.C. § 70, Defendants cannot escape the fact that the container tax applies to "every individual and every firm, corporation and other association . . . who brings a container . . . into the Territory . . . ." Moreover, the definition of container provided in the statute specifically identifies "large standard size metal boxes into which cargo is packed for

---

[3] In resolving that appeal, the Third Circuit applied its holding of *Polychrome Int'l Corp. v. Krigger*, 5 F.3d 1522, 1534 (3d. Cir. 1993), where it found that the Dormant Commerce Clause applies to the U.S. Virgin Islands, and affirmed this Court's award to the plaintiff the refund of improperly assessed excise taxes. *Reefco*, 830 F. App'x at 85 ("Because the GVI assessed the excise tax against Reefco in violation of the Dormant Commerce Clause, the District Court correctly held that Reefco is entitled to a refund. The GVI's claim that Reefco is not entitled to a refund because it recouped the assessment by passing it on to its customers is not supported by anything in this record. Accordingly we will affirm the District Court's award of money damages.") (footnotes omitted)).

shipment configured for oceangoing ships . . . ." 33 V.I.C. § 75(b)(1). The provision is silent regarding the containers' movement over territorial roads or highways.

To determine whether a tax violates the Commerce Clause, courts apply the test articulated by the United States Supreme Court in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977), namely whether the tax "discriminate[s] against interstate commerce . . . ." *Id* at 279. Here, as PSMT maintains, "[i]nstead of taxing imported goods directly, the government is taxing the containers they arrive in," in an attempt to sidestep the Commerce Clause. ECF No. 52 at 7. The Court agrees with PSMT that, as alleged, the container tax discriminates against out-of-territory commerce because it taxes the goods (carried in containers) that cross territorial borders, and goods produced in the Virgin Islands are not similarly taxed. *Id*. at 8.

### 2. Tonnage Clause

Defendants argue that PSMT is outside the scope of the Tonnage Clause. ECF No. 52 at 13. It is well established that the Tonnage Clause extends not only to the

> vessel itself but also on the ship captain, owner, supercargo (the person in charge of the cargo on the ship), and passengers. *Id.; Passenger Cases*, 48 U.S. (7 How.) at 458-59. The Clause even prohibits flat taxes on a ship—those that do not vary according to tonnage—if they are for the privilege of entering a port. *Portwardens*, 73 U.S. (6 Wall.) at 34-35. In sum, the Tonnage Clause's prohibition "embrace[s] all taxes and duties regardless of their name or form, and even though not measured by the tonnage of the vessel, which operate to impose a charge for the privilege of entering, trading in, or lying in a port." *Clyde Mallory Lines*, 296 U.S. at 265-66.

*Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 805 F.3d 98, 107 (3d Cir. 2015). Because the Container Tax taxes the containers brought into the Territory on "oceangoing ships," its application operates as a "charge for the privilege of entering, trading in, or lying in a port," *id*., in violation of the Tonnage Clause. Moreover, PSMT, as owner of the cargo containers and subject to the tax, is squarely within the "zone of interest" of the Tonnage Clause. Consequently, the Court finds that PSMT has alleged a plausible claim under the Tonnage Clause of the Constitution.[4]

---

[4] Because the Court finds that PSMT has alleged a plausible claim that the Container Tax violates the Dormant Commerce Clause and Tonnage Clause of the Constitution, it need not address, at this juncture, whether PSMT also has adequately alleged a violation of the Import-Export Clause.

*PSMT, LLC. v. Gov't of the Virgin Islands, et al.*
Case No. 3:19-cv-0118
Order
Page 6 of 6

## IV. CONCLUSION

Based upon the foregoing, the Court finds that PSMT articulates a plausible claim that the Virgin Islands Container Tax violates constitutional principles as expressed in the Commerce Clause and Tonnage Clause in its First Amended Complaint.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 50, is **DENIED**.


**Dated:** March 30, 2026                    /s/ *Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **Chief Judge**